By the Court.
We held in this case, as reported in 35 Ohio St. 482, that where a verdict is rendered under the above-mentioned'seetion, finding a prisoner to be sane, error will not lie to review the proceedings previous to the prisoner’s conviction of the crime charged; and doubt was suggested whether alleged errors in such proceeding could be reviewed, even after conviction.
The prisoner has been convicted of the felony charged, and sentenced to the penitentiary, and he now seeks to reverse the judgment on the same ground relied upon in the first proceeding in error above referred to.
The statute provides that “ if the jury find the accused to be sane, and no trial has been had on the indictment, a trial shall be had thereon as if the question had not been tried.” Rev. Stats. § 7241. An error of the court, prejudicial to the rights of the prisoner in making the defense of insanity on such trial, would no doubt afford ground of reversal after sentence ; but the proceedings in a preliminary trial under said section 7240 are not in their nature final, and hence are not the subject of review, even after conviction.

Motion overruled.